# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | Criminal Action No.: 6:17-cr-00418-JMC |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Courtney Eugene Harris. ) | |
| ) | |
| _____ ) | |

Defendant Courtney Eugene Harris is a prisoner currently serving a sentence of sixty (60) months in the Bureau of Prisons ("BOP"). (ECF No. 46.)

This matter comes before the court on Defendant's Motion for Compassionate Release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 62.) Defendant requests that the court grant him compassionate release due to his medical conditions. For the reasons discussed below, the court **DENIES WITHOUT PREJUDICE** Defendant's Motion for Compassionate Release. (*Id*.)

## I.   RELEVANT BACKGROUND

On June 13, 2017, a Superseding Indictment charged Defendant with the following three (3) counts:

Count One

That on or about April 7, 2017, in the District of South Carolina, the Defendant, **COURTNEY EUGENE HARRIS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, that is, a Springfield 9mm pistol, which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).
. . .

---

[1] Motions under this section are called Motions for Compassionate Release. *See United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 5, 2020).

1

Count Two

That on or about April 7, 2017, in the District of South Carolina, the Defendant, **COURTNEY EUGENE HARRIS**, knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

. . .

Count Three

That on or about April 7, 2017, in the District of South Carolina, the Defendant, **COURTNEY EUGENE HARRIS**, knowingly did possess a firearm in furtherance of a drug trafficking crime as set forth in Count Two of this Indictment, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

(ECF No. 26 at 1-2.)

On June 19, 2017, Defendant entered a written plea agreement pleading guilty to count three of the Superseding Indictment. (ECF No. 29.) The court accepted the plea and sentenced Defendant to sixty (60) months to run consecutively to previous terms imposed. (ECF Nos. 33, 46.)

On March 11, 2020, during Defendant's imprisonment, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic.[2] On March 13, 2020, the United States officially declared a national emergency due to the virus.[3]

On January 27, 2021, Defendant filed this instant *pro se* Motion for Compassionate Release. (ECF No. 62.) The same day, a Federal Public Defender was appointed to the case. (ECF

---

[2] *See WHO Director-General's opening remarks at media briefing*, https://www.who.int/director-general/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last visited Mar. 8, 2021).
[3] *See COVID-19 Emergency Declaration*, https://www.fema.gov/news-release/20200726/declaracion-de-emergencia-covid-19 (last visited Mar. 8, 2021).

2

No. 63.) On February 3, 2021 the Government filed an opposition to Defendant's Motion. (ECF No. 67.) On February 10, 2021, a Response in Support was filed asking the court to reduce Defendant's sentence to time served and convert a portion of his supervision term to home detention. (ECF No. 71 at 19.) An Amended Response in Opposition was filed shortly thereafter. (ECF No. 74.)

## II.     LEGAL STANDARD

A.  Administrative Exhaustion

"A sentencing court does not have inherent authority to modify an otherwise valid sentence." *United States v. Pack*, No. 2:17-cr-20002-10, 2020 WL 2174447, at *1 (W.D. Tenn. May 5, 2020). A [defendant] may bring a motion to modify his sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a person seeking a compassionate release is generally required to exhaust his administrative remedies prior to bringing a motion before the district court. *Id*. However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *See United States v. Poulios*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); *see also United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where defendant had not fully exhausted his administrative remedies).

    B. <u>The Compassionate Release Standard</u>

As amended by the First Step Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors if there are "extraordinary and compelling reasons" that warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the Sentencing Commission directs courts to consider when a defendant poses "a danger to the safety of any other person or to the community," before granting a compassionate release. *United States v. Gomez*, No. 2:18-cr-01435-1, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (quoting U.S.S.G § 1B1.13). Courts should assess factors under 18 U.S.C. § 3142(g) to determine whether a defendant is dangerous to the safety of others or the community. *United States v. Ennis*, EP-02-cr-1430-PRM-1, 2020 WL 2513109, at *7 (W.D. Tex. June 17, 2020). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id*. However, these are mere suggestions and do not bind a court's application of § 3582(c)(1)(A)(i). *McCoy v. United States*, No. 2:03-cr-197, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, No. 15-cr-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he court may independently evaluate whether the petitioner has raised an extraordinary and compelling reason for compassionate release . . ."). In sum, the court may consider a combination of factors including, but not limited to, those listed in U.S.S.G § 1B1.13, to evaluate a defendant's request for a sentence modification under 18 U.S.C § 3582(c)(1)(A)(i).

### III.   DISCUSSION

Upon review of the applicable laws and facts presented here, the court finds that Defendant is not entitled to relief. The court discusses the reasons below.

A. Exhaustion of Administrative Remedies

The court recognizes that Defendant has not fully exhausted all of his administrative remedies. The BOP requires proper exhaustion of its administrative remedies and the process is as follows: (1) file the request to the BOP; (2) receive approval or denial from the warden of the facility; (3) if denied, submit an appeal to the BOP; then (4) file a motion for release with the court. *See Administrative Remedy Program*, https://www.bop.gov/policy/progstat/1330_018.pdf (last visited Mar. 8, 2021).

In the instant Motion, Defendant alleges that he did not submit a request to have the BOP consider his release due to "learning of [other] people's [m]otions being denied." (ECF No. 62 at 3.) Shortly thereafter, in the Response in Support, Defendant's attorney asserts that he filed the prerequisite request with the BOP on or around February 3, 2021, and that his request is timely. (ECF No. 71 at 1.) However, Defendant's attorney did not provide the court with any records indicating this request. Although Defendant did not provide the court with records, the Government provided the court with documentation that Defendant did file his request with the BOP on said date and the warden denied his request on February 10, 2021. (ECF Nos. 74 at 2, 74-1.) As such, the Government and the court notes that Defendant has satisfied the initial request to the BOP. Even though, the initial request was done in a timely manner, the court notes that Defendant did not appeal the warden's decision before filing his instant Motion with the court. The court is not inclined to waive the exhaustion requirements and, therefore, will not grant Defendant's Motion.

B. Compassionate Release

Even if the court waived the exhaustion requirement, the court finds that Defendant's medical conditions are not severe enough to warrant compassionate release because his conditions

do not place him at an especially high risk of serious illness or death if he were to contract COVID-19. Defendant alleges that his health conditions, obesity and asthma, warrant a release. (ECF Nos. 62, 67.) However, the Government opposes Defendant's claims and states that Defendant has failed to establish "extraordinary and compelling" reasons because his asthma and obesity are not terminal or serious. (ECF No. 67 at 16.)

A defendant must bear the burden of proof before a court can grant a compassionate release motion. *Cf. United States v. Beck*, 425 F. Supp. 3d 573, 578 (M.D.N.C. 2019). The court may modify the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In light of COVID-19, courts have construed this pandemic and the resulting severe illnesses as "extraordinary and compelling." *E.g., United States v. Salvagno*, 456 F. Supp. 3d 420, 427 (S.D.N.Y. 2020).

Defendant argues that he has pre-existing asthma conditions. (ECF No. 62.) Defendant did not mention obesity as a compassionate release factor in his instant Motion; however, his attorney referenced it in the Response. (ECF No. 71.) The CDC has classified obesity and moderate to severe asthma as actual or potential COVID-19 risk factors. The CDC notes that a Body Mass Index ("BMI") of 30 kg or greater constitutes obesity, while a BMI between 25-30 kg only constitutes being overweight and only a potential risk factor.[4] As to the alleged obesity, Defendant is only overweight because, according to medical records, he has a BMI of 29. (ECF No. 71 at 2.) The court notes that Defendants weight does not put him at a great danger.

Further, Defendant alleges that he has suffered with asthma all of his life. (ECF No. 62.) The court finds that Defendant's Pre-sentencing Report ("PSR") notes that he has pre-existing asthma. (ECF No. 43 at 14 ¶ 48.) Defendant uses an albuterol inhaler and nasal spray to treat his

---

[4] *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 8, 2021).

asthma. (ECF No. 71 at 2.) The court also observes that Defendant's asthma is under control and "clinically stable." (ECF Nos. 71-1 at 1, 71-3 at 1.)

For the foregoing reasons, the court cannot conclude that Defendant is suffering from a serious physical or medical condition that warrants release for time served. The court is concerned with Defendant's wellbeing during COVID-19, but the court cannot find that Defendant has demonstrated "extraordinary and compelling" reasons for release. 18 U.S.C. 3582(c)(1)(A).

## IV.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES WITHOUT PREFIX PREJUDICE** Defendant Courtney Eugene Harris's Motion for Compassionate Release under 18 U.S.C. § 3582. (ECF No. 62.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 16, 2021
Columbia, South Carolina